IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONELLE HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>OLD NAVY, LLC,<br><br>Defendant. | No. 21 Civ. 9946 (GHW)(GWG) |

**MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................................1
**LEGAL STANDARD**............................................................................................................................1
**ARGUMENT**............................................................................................................................................2
   **I.  DEFENDANT'S NYLL VIOLATIONS INJURED PLAINTIFF** ..................................2
      A.  **Delay in Payment Causes Injury** ............................................................................3
      B.  **A Violation of NYLL § 191(1)(a) Constitutes Underpayment** .............8
      C.  **Plaintiff Can Represent the Putative Class**...........................................8
   **II. A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191**...12
**CONCLUSION** ......................................................................................................................16

## PRELIMINARY STATEMENT

Plaintiff worked as a manual worker for Defendant, Old Navy in New York. Specifically, Plaintiff worked as a retail sales worker, an Hourly Worker.

Defendant's move to dismiss Plaintiff's class action complaint based on lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) and for failure to state a claim pursuant to FRCP Rule 12(b)(6). However, Defendant's motion rests on erroneous arguments. First, Defendant states that a delay in payment causes no injury, despite well settled legal principles to the contrary. Second, Defendant argues that NYLL § 191 does not afford Plaintiff a private right of action. In making these arguments, Defendant is in essence attempting to bypass the precedent set in *Vega v. CM & Assoc. Const. Mgt., LLC*, which has been followed by every district court that has weighed this question since its decision. Defendant's motion ignores clear precedent from the Second Circuit and the Supreme Court that "rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *See DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

As discussed herein, Defendant's arguments fail and Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

## LEGAL STANDARD

Under Rule 12(b)(1), a case may be properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). The standard for reviewing a 12(b)(1) motion to dismiss is basically identical to the 12(b)(6) standard, except that "[a] plaintiff asserting

1

subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. at 113.

When evaluating a defendant's motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Sierra Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (citing, 843 F.3d 561, 566 (2d Cir. 2016)). To survive a 12(b)(6) motion, a plaintiff's complaint "must contain *Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management* sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Campos v. Aegis Realty Management Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356, at *3 (S.D.N.Y. Jan. 28, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss under Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint" and must rely on a "narrow universe of materials". *See Goel v. Bunge, LTD.*, 820 F. 3d 554, 558 (2d Cir 2016) (citing *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir.2006)). In this regard, a problem "arises when a party seeks to introduce affidavits, depositions or other extraneous documents not set forth in the complaint for the court to consider on a Rule 12(b)(6) motion." *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

## ARGUMENT

### I. DEFENDANT'S NYLL VIOLATIONS INJURED PLAINTIFF

Plaintiff has standing as she was injured by Defendant. Article III standing arises where a plaintiff has suffered a concrete injury. *See Maddox v. Bank of New York Mellon Co., N.A.*, 19 F.4th 58, 62-63 (2d Circ. 2021). Monetary harms "readily qualify as concrete[.]" *Id*. at *11. Plaintiff's complaint alleges a monetary harm due to Defendant's violation of NYLL § 191. Specifically, Plaintiff alleges throughout her Complaint both specific individual and class

allegations regarding late payments, including examples of dates for which she was **underpaid**. Am. Comp. ¶¶ 2-6, 31-41. As the Eastern District of New York recently held, "temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing." *See e.g. Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK)(SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) ("*Caul* Order I"), motion to certify appeal denied, 2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) ("*Caul* Order II") (citing *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)). It is not only clear that delay in payment constitutes a concrete harm, but that violations of NYLL § 191(1)(a) constitute underpayments for which there can be no question of injury. *Caul* Order I at *4. Consequently, Plaintiff has sufficiently alleged concrete injury resulting from Defendant's violations of the NYLL § 191, and thus, clearly has established standing under Article III.[1]

### A. Delay in Payment Causes Injury

Defendant's first argument regarding NYLL § 191 focuses on standing and stems from their misunderstanding of the Supreme Court's recent holding in *TransUnion, LLC v. Ramirez*, and the Second Circuit's recent holding in *Maddox v. Bank of New York Mellon Co., N.A*. *See* 141 S. Ct. 2190 (2021); 19 F.4th 58 (2d Circ. 2021). However, Defendant stretches these cases to an extreme proposition they do not stand for, as both cases found or explained instances of concrete harm that are far less than what Plaintiff has alleged here. *See TransUnion,* 141 S. Ct. at 2208-2209 (holding that plaintiffs whose credit files were provided to third parties with false information had Article III standing); *Maddox*, 19 F.4th 58; *see also Davis v. Banana Republic, LLC*, No. 21

---

[1] Defendant's arguments regarding Plaintiff's allegations of statutory penalties is misplaced (Def. Brief at 6), as the Parties are litigating this matter in federal court, and thus are governed by the Federal Rules of Civil Procedure, as opposed to New York Civil Practice Laws and Rules. Notably, Defendant does not argue that this matter is not properly before this Court. Thus, Defendant's argument stands no ground.

3

Civ. 6160 (KAM) (E.D.N.Y. Apr. 5, 2022) (pre-motion conference transcript attached as **Ex. A**)[2] (Hon. Matsumoto: "this is not a mere statutory violation without standing which is – without injury, which is what *TransUnion* and that line of cases was addressing . . . multiple cases have held that late payment is and does state a sizable injury that would be sufficient to give the plaintiff standing"). Neither of these cases articulate a strict standard where a plaintiff must articulate the intimate details of a tangible injury; *see Spokeo, Inc. v. Robins*, 136 S. Ct., 1450, 1549 (2016) ("[c]oncrete is not, however, necessarily synonymous with tangible… it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit"); and neither case pertains to the NYLL § 191, which has already found that "the late payment of wages is a concrete harm" sufficient to confer standing on the plaintiff seeking relief under NYLL § 191. *Caul* Order I at *4; *see also Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) ("[w]e do not understand Spokeo categorically to have precluded violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing…some violations of statutorily mandated procedures may entail the concrete injury necessary for standing") (citing *Spokeo*, 136 S. Ct. at 1550; *Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18 Civ. 5422 (NSR), 2020 WL 1330744, at *7 (S.D.N.Y. Mar. 20, 2020) (denying defendants' *Spokeo* argument to dismiss NYLL claims where the legislature had "conferred the procedural right in order to protect an individual's concrete interests").

Defendant fails to address that multiple courts have found that mere delay in payment constitutes concrete injury. *Id*. Delay has further been found to satisfy standing in wage and hour cases. *See e.g. Andrews v. Rite Aid Corp.*, No. 20 Civ. 4521 (VSB) (S.D.N.Y. Mar. 11, 2021) (oral

---

[2] The Parties in *Davis* are represented by the same attorneys in this matter. The defendant in *Davis*, Banana Republic, LLC, is owned by the same parent company (Gap, Inc.) as Defendant Old Navy, LLC. The transcript attached is a result of the Parties' pre-motion letters that mirrored those in this matter.

4

argument transcript attached as **Ex. B**) (citing *Rogers v. City of Troy,* 148 F. 3d 52, 57 (2d Cir. 1998). (finding a delay in payment amounting to $2.96 satisfied Article III standing). This is the exact type of "traditional" harm Judge Alito confirmed to constitute concrete injury in *Spokeo*. See 136 S. Ct. at 1549. Moreover, it is a well settled financial principle that the time value of money is more in the present than the future. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) ("[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money"). Delay alone is a concrete injury. The inability of Plaintiff to have and use money to which she was entitled is a concrete injury. *See Craig v. Boren*, 429 U.S. 190, 194–95, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). The harm alleged here is "analogous to the harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312, 318 (11th Cir. 2019) (citing *Spokeo*, 136 S.Ct. at 1549) (finding that the plaintiff adequately alleged an economic injury due to inability to use money that belonged to it).

Depravation of wages is an "especially acute" injury for manual workers, as they are "generally dependent on their wages for sustenance." *Caul* Order I at *4 (quoting *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019)); *see also People v. Vetri,* 309 N.Y. 401, 405 (1955). It may be that Defendant, who operates a multi-billion-dollar business, do not identify why it is important for their manual worker employees to have the wages they have earned accessible as soon as possible, but that does not mean that they have not been injured. *See e.g.*, Nishant Choksi, Helping Low-Income Workers Stay Out of Debt, Harvard Business Review (2020) ("Stagnant wages, a rising cost of living, and increasingly irregular schedules routinely force many working Americans onto a financial knife's edge; they're able to

5

pay their usual bills but lack a buffer to handle even small financial shocks. Part of the problem is that most U.S. workers are paid biweekly").

This is further evidenced by the necessity of New York's law outlawing predatory "payday loans." *See* 190 NY Penal Law § 1940.40; 2 NY Bank Law § 14-a; *see also People v. County Bank of Rehoboth Beach, Delaware*, 45 A.D. 1136 (3rd Dept. 2007) ("Payday loans are typically small, short-term loans that the borrower agrees to repay on the borrower's next payday. Because of the short term of the loan, the annual interest rate of a payday loan will invariably exceed the maximum interest rate permitted in New York"); Mary Caplan, Do We Know What We Think About Payday Loan Borrowers, Western Michigan University, 44 The Journal of Sociology & Social Welfare 2 (2017) (finding that payday loans target "mostly people who are economically marginalized." and are used to "meet basic needs" and are a "resource of last resort").

Defendant's reliance on *Kawa Orthodontics, LLP v. Secretary, United States Department of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014), is misguided, as the case has already been discussed in *Caul*. *Caul* Order II at *2.  In *Caul*, Judge Kovner stated: "For example, while the lone court of appeals decision that defendants invoke is from the Eleventh Circuit—*Kawa Orthodontics, LLP v. Secretary, U.S. Dept of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014)-- defendants fail to note that the Eleventh Circuit subsequently recognized that the lost use of money can in fact support standing, *MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312, 318 (11th Cir. 2019)." *Id.*  Judge Kovner instead pointed to "better reasoned and more recent cases" that "overshadowed" the defendants' "proposition that the temporary loss of money is too speculative to support Article III standing" citing to *Van v. LLR, Inc.*, 962 F.3d 1160, 1161, 1162-63 (9th Cir. 2020) (per curiam) and *Habitat Educ. Center v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir.2010). *Id.* The Court in *Caul* went on to explain that the plaintiff's complaint in *Caul*, like the

6

Amended Complaint here, alleged the sufficient facts necessary to establish that plaintiff suffered injury. *Caul* Order II at *2. The complaint in *Caul*, like the Complaint here, alleged that "throughout plaintiff's employment, defendants paid her on a bi-weekly basis, instead of 'within seven calendar days after the end of the week in which… wages were earned.'" *Id*. (holding that these allegations were adequate to plead that she was deprived of the time value of money during periods in which payment was illegally delayed); *contra Rosario v. Icon Burger Acquisitions LLC*, No. 21 Civ 4313 (JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022) (directing the plaintiff to file a second amended complaint as his "barebones Amended Complaint contains no facts from which the Court could plausibly conclude that Plaintiff actually suffered the sort of harm that would entitle him to relief). Plaintiff's Complaint here sufficiently alleges harm suffered. As discussed above, Plaintiff's specific allegations regarding her late payments, including examples of dates for which she was underpaid are sufficient to allege injury. Am. Comp., ECF No. 7 ¶¶ 2-6, 31-41. *See, e.g.*, *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-CV-9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("Even if Plaintiff's allegations currently are on the light side and do not contain detail on how the late payment specifically harmed her . . . the Court . . . cannot say at this stage that Defendant has substantial grounds for dismissal on the basis of standing).

      In addition, the logical conclusion of Defendant's argument that delay does not cause injury stands for the proposition that Defendant could avoid paying any wages due until the exact second before an employee filed a complaint, be it months or years, and no harm would have occurred. This would clearly be in direct contravention of the fundamental purpose of NYLL § 191, which is to ensure such late payments do not occur. Thus, Defendant's argument in this regard must fail.

7

### B. A Violation of NYLL § 191(1)(a) Constitutes Underpayment

Defendant does not attempt to justify its position that delay does not cause injury, nor does Defendant grapple with the consistent findings that NYLL § 191(1)(a) violations constitute underpayments which trigger the liquidated damage provisions of NYLL § 198. *See e,g., Sorto v. Diversified Maint. Sys.*, No. 20 Civ. 1302 (JS)(SIL), 2020 WL 8413553, at *2 (E.D.N.Y. Nov. 15, 2020) (report and recommendation adopted 2020 WL 7693108 (Dec. 28, 2020) ("the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required") (quoting *Vega*, 175 A.D. 3d at 1145). The instant matter is a perfect example of where an underpayment occurred due to a violation of NYLL § 191(1)(a). Plaintiff alleges she was a manual worker as contemplated by the statute, and that Defendant owed her lawfully earned pay within seven days of the week in which she completed her work. *See* ECF No. 7 (Am. Compl., ECF No. 7 ¶¶ 31-30). For example, Plaintiff alleges she was owed her wages for the week beginning January 26, 2020 and ending February 1, 2020 by February 8, 2020. *See* Am. Compl., ECF No. 7 ¶¶ 34-35. However, February 8, 2020 passed without Plaintiff receiving that weeks' worth of wages. *See id*. Accordingly, as of February 8, 2020, Plaintiff had been paid "less than what is required." *See Vega*, 175 A.D. 3d at 1145 (citing Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]).

Despite these allegations, Defendant protests that they eventually compensated Plaintiff for the hours she worked, but this is only a partial defense. This is because at the time it paid Plaintiff, she was not only entitled to the underlying wages, she was also entitled to liquidated damages, interest, and even injunctive relief for the violations which occurred when their wages were not paid by their due date. These remedies are set forth in NYLL § 198, and they could not be clearer. *See Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048,

8

at *5 (S.D.N.Y. Mar. 3, 2020) (citing *Vega*, 107 N.Y.S. 3d at 288) ("[a] plaintiff's entitlement to statutory damages pursuant to [NYLL] § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action").

Surely, Defendant is not arguing that the liquidated damages provisions of New York Labor Law § 198 that compensate plaintiffs for underpayments are unconstitutional, nor could they. After all, there are "no meaningful differences" between NYLL § 198 and 29 U.S.C § 216. *See Rodrigue v. Lowes Home Centers, Inc.*, No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3848268, at *5 (Aug. 27, 2021) (quoting *Rana v. Islam,* 887 F.3d 118, 123 (2d Cir. 2018)). The United States Supreme Court in *Brooklyn Sav. Bank v. O'Neil*, affirmed the New York Court of Appeals and stated in relevant part as follows: "[Liquidated Damages] constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being". 324 U.S. 697, 707 (1945).

It is more than clear, that being underpaid constitutes a "concrete" injury. As such, Plaintiff's Article III standing is established for her NYLL § 191(1)(a) claim.

    **C.** **Plaintiff Can Represent the Putative Class**

Defendant argues that Plaintiff's tenure with Old Navy, from 2018 through January 2021, is insufficient to represent a class of similar workers at Old Navy for New York's statutory period.

As an initial matter, it should be noted that at least one federal court has certified a class of crew members, assistant managers, and managers who alleged that they were manual workers and paid bi-weekly in violation of New York Labor Law § 191(1)(a). *Valdez v. Michpat & Fam,*

*LLC*, No. 20 Civ. 2570 (AMD)(SIL), 2022 WL 1085465, at *16 (E.D.N.Y. Jan. 6, 2022), *report and recommendation adopted*, No. 20 Civ. 2570 (AMD)(SIL), 2022 WL 950450 (E.D.N.Y. Mar. 30, 2022). *Valdez* demonstrates that section 191 timely pay claims are maintainable as a class, as whether employees are manual workers and paid on a bi-weekly basis are all questions susceptible to generalized proof. *Id*.

Further, Defendant's argument, at the pleading phase, is premature, as Plaintiff's class definition because it is not until Plaintiff moves for class certification should a court examine the class definition. *See In re Giant Interactive Grp., Inc. Secs. Litig.*, 643 F.Supp.2d 562 (S.D.N.Y.2009) ("Defendants' argument is a premature attempt to limit the scope of the class at the pleading stage"); *In re: Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2016 WL 2851333, at *2 (S.D.N.Y. May 13, 2016) ("…with an overbroad class, reformation of the class definition, if possible, is the appropriate response"); *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015) (denying motion to strike class definition of "all consumers in New York who purchased Freshmates in the last three years").

The Second Circuit has made clear "the obvious truth that class actions necessarily involve plaintiffs litigating injuries that they themselves would not have standing to litigate," and because "class action plaintiffs are not required to have individual standing to press any of the claims belonging to their unnamed class members, it makes little sense to dismiss the state law claims of unnamed class members for want of standing when there was no requirement that the named plaintiffs have individual standing to bring those claims in the first place." *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 95 (2d Cir. 2018). Further, the Second Circuit has explained that "the relevant inquiry . . . is whether the defendants' conduct that allegedly injured the named plaintiffs implicates the same set of concerns as the conduct alleged to have

10

caused injury to other members of the putative class by the same defendants." *Umbrino v. L.A.R.E Partners Network, Inc.*, No. 19 Civ. 06559 (EAW), 2022 WL 452702, at *11 (W.D.N.Y. Feb. 15, 2022) (citing *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012)) (internal quotations omitted).

The requirement that named plaintiffs must have suffered the same injury as unnamed class members does not preclude them from asserting claims outside their own dates of employment. *Umbrino*, No. 19 Civ. 06559 (EAW), 2022 WL 452702, at *11. Outside of the two Northern District of New York cases cited by Defendant, Defendant's proposition has been rejected by federal courts. *See, e.g.*, *id.*; *Kinkead v. Humana at Home, Inc.*, 450 F. Supp. 3d 162, 193 (D. Conn. 2020) (in considering whether to certify class under the NYLL, rejecting argument that neither plaintiff had "standing to assert an unpaid hours claim prior to January 1, 2015, because neither worked in a live-in capacity prior to January 1, 2015"); *Pichardo v. Carmine's Broadway Feast, Inc.*, No. 15 Civ. 3312, 15 Civ. 4046, 15 Civ. 4049, 2016 WL 5338551, at *4 (S.D.N.Y. Sept. 23, 2016) (class properly certified where even though illegal practices shifted over time, the practices were uniformly applied to the class). The injury here is the same for the entire proposed class period. Defendant paid Hourly Workers on a bi-weekly basis, and does not even attempt to make any representation to the contrary.

Notably, nothing in Rule 23 regarding adequacy states that the named plaintiff must have been employed during the entire statutory period. If that were the case, no NYLL class actions would be certified for the entire statute., yet to the contrary hundreds of NYLL class actions have been certified for the entire statutory period. *See generally, e.g.*, *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745 (Sept. 16, 2014); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. Nov. 30, 2018) (Woods, J.); *Porter v. Mooregroup Corp.*, No. 17 Civ. 7405, 2021 WL

3524159 (E.D.N.Y. Aug. 11, 2021); *Flores v. Anjost Corp.*, 284 F.R.D. 112 (S.D.N.Y. Jun. 19, 2012).

Additionally, Defendant's proposition results in a waste of judicial economy. In this regard, class members will inevitably have longer periods of employment which will result in new filings with new plaintiffs seeking class certification for various periods of time. This ultimately would lead to piecemeal litigation, which is contrary to the purpose of Rule 23.

## II.     A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191

Whether or not NYLL § 191 contains a private right of action is purely a question of state law. Where there is no case law from the Court of Appeals on an issue of state law, federal courts follow the rulings of the state appellate courts. *See DiBella v. Hopkins,* 403 F.3d 102, 112 (2d Cir. 2005) ("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise") (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)); *see also V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010); *see also Mabe v. Wal-Mart Assocs., Inc.*, No. 20 Civ. 00591, 2021 WL 1062566, at *3 (N.D.N.Y. Mar. 18, 2021) ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts ... in the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise.").

The only applicable appellate court rulings are *Vega* and *Max Finkelstein*. *See Caul* Order I at *2-3; (finding that *Vega* was the only state appellate court ruling regarding NYLL § 191); *Phillips v. Max Finkelstein, Inc.*, Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) (Second Department appellate term finding that a private right of

12

action exists to enforce rights established under NYLL § 191), reversing the lower court's decision; *see also Rodrigue,* 2021 WL 3848268, at *5; *Mabe v. Wal-Mart Associates, Inc.*, No. 20 Civ. 591, 2022 WL 874311, at *3 (N.D.N.Y. Mar. 24, 2022) ("the case authority directly addressing the issue [of whether NYLL §191 provides a private right of action] is not unsettled"); *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *Sorto v. Diversified Maint. Sys., LLC*, No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020) (same); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 07652 (DLC), 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020) (same); *Beh v. Cmty. Care Companions Inc.*, No. 19 Civ. 1417 (JLS)(HBS), 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021), report and recommendation adopted, No. 19 Civ. 1417 (JLS)(HBS), 2021 WL 3914320 (W.D.N.Y. June 23, 2021) ("Defendants attempt to marshal contrary data to argue that Vega should not be followed."); *Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y., Apr. 17, 2020) (declining to follow a previous decision to dismiss NYLL § 191 claims in light of the *Vega* decision).

It is undisputed that *Vega* and *Max Finkelstein* are the only two New York Appellate decisions to weigh in on this issue. Moreover, further New York case law from the Supreme Court's Appellate Term has confirmed the *Vega* decision. *See Phillips v. Max Finkelstein, Inc.*, Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ("unlike *Vega*, which, like the case at bar, arose from a plenary action for damages, in *IKEA*, the Second Department merely confirmed the determination of the Commissioner of Labor that an employer's payment frequency constituted a violation NYLL § 191 (1)(a)"); *Kruty v. Max*

13

*Finkelstein, Inc.*, 2021 N.Y. Slip Op. 50837(U) (N.Y. Sup. Ct. App. Term Aug. 26, 2021) (together with *Phillips v. Max Finkelstein, Inc.*, "*Max Finkelstein*").

Defendant can only point to pre-*Vega* cases for their proposition that there is no private of action for a violation of NYLL § 191. For example, in *Hussain v. Pakistan Int'l Airlines*, the court equated a failure to pay timely wages with an internal recordkeeping violation. No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, this clearly ignores the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. Failure to comply with the statute results in direct harm to a manual worker. *See Vega*, 175 A.D. 3d at 1145. The one and only post-*Vega* case from this Circuit that Defendant can point to in support of its assertion that there is no private right of action is *Arciello v. County of Nassau*, which does not address untimely payments made under NYLL § 191(1)(a), but instead discusses untimely overtime wages. No. 16 Civ. 3974, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019). Furthermore, while the *Arciello* decision was published ten days after *Vega*, the last brief filed on the motion to dismiss was filed before the *Vega* decision, and no supplemental authority was provided to the Court. *See* No. 16 Civ. 03974 (JMA)(SIL) (E.D.N.Y.) (ECF Nos. 227, 235). Thus, it appears that the *Arciello* court was unaware of *Vega* when rendering its decision. *See also Caul* Order I at *3 (noting that *Arciello* did not address *Vega* and relied only on pre-*Vega* cases).

Each of these cases argue that untimely wage payments do not constitute an underpayment of wages by comparing the requirements of NYLL § 191 to statutes requiring employers to provide lunch breaks and keep accurate internal records. *Id.* As explained above, the key difference between these statutes and NYLL § 191 is that a failure to provide lunch breaks or keep internal records are not issues that are directly related to the payment of wages. On the other hand, NYLL

§ 191 lays out direct requirements to pay timely wages, meaning that a delay in payment of wages constitutes an *underpayment* under New York law. *See Vega,* 175 A.D. 3d at 1145 (stating "the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required"). These cases, which rely on statutes which do not relate to the payment of wages, should not be granted deference by the Court.

Defendant still attempts to argue that there is no private right of action for violations of the NYLL § 191, despite the litany of post *Vega* decisions to the contrary. *See, e.g.*, *Sorto v. Diversified Maint. Syst., LLC,* No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2 (Dec. 28, 2020) ("the [c]ourt follows *Vega* and concludes that [] there is a private right of action for violations of Section 191"); *Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y., Apr. 17, 2020) (declining to follow a previous decision to dismiss NYLL § 191 claims in light of the *Vega* decision); *Scott*, No. 18 Civ. 86 (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *Philips*, 2021 WL 4075089 ("the decision . . . in [*Vega*] is controlling on the issue of whether plaintiff stated a cause of action from damages pursuant to [NYLL] §§ 191 and 198 (1-a)"); *Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127 (RPK)(RLM), 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) ("Since *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law"); *see also Caul* Order I (E.D.N.Y. Sept. 27, 2021) (holding the § 191 provides a private right of action to enforce the late payment of full wages).

Defendant now argues that Old Navy is not the class of employers this law is meant to cover. In arguing this, Old Navy completely disregards the law and is basically arguing that Old Navy is too big to follow wage laws applicable to almost every private employer in New York.

Defendant ignore the purpose of the law, which "was to protect the manual worker who was dependent upon the 'wages' he received weekly for this existence." *Gonzales v. Gan Israel Pre-Sch.*, No. 12 Civ. 06304 (MKB), 2014 WL 1011070, at *9 (E.D.N.Y. Mar. 14, 2014) (citing *People v. Bloom*, 7 Misc.2d 1077, 1078, 167 N.Y.S.2d 179 (N.Y.City Ct.1957)). Indeed, Old Navy had the opportunity to apply to the Department of Labor for an exemption from the requirements of the NYLL § 191, as a "large" and "financially solven[t]" employer (Def. Brief at 18), but they chose not to do so, and instead operated in disregard to this law.

The uniformity of decisions post-*Vega*, confirm that this is now a well settled issue. As Defendant does not have any persuasive arguments that the Court of Appeals would find differently than the First Department, they cannot claim otherwise. Consequently, Defendant has offered this Court very little with which to contravene the First Department's decision in *Vega*, and the overall weight of authority supports Plaintiff's position that there is a private right of action under NYLL § 191(1)(a). Therefore, the Court should find that a private right of action exists under this statute.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

Dated: New York, New York
May 16, 2022

                                            Respectfully submitted,

                                            */s/ Brian S. Schaffer*
                                            Brian S. Schaffer

                                            **FITAPELLI & SCHAFFER, LLP**
                                            Brian S. Schaffer
                                            Dana M. Cimera
                                            28 Liberty Street, 30th Floor
                                            New York, New York 10005
                                            Telephone: (212) 300-0375

                                            *Attorneys for Plaintiff and the Putative Class*