1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - X
 3                                  :
                                    :
 4   NICOLE DAVIS,                  : 21CV6160 (KAM)
                                    :
 5            Plaintiff,            :
                                    :
 6                                  : United States Courthouse
          -against-                 : Brooklyn, New York
 7                                  :
                                    :
 8   BANANA REPUBLIC, LLC,          : April 5, 2022
                                    : 4:30 p.m.
 9            Defendant.            :
                                    :
10                                  :
                                    :
11
     - - - - - - - - - - - - - - - X
12
          TRANSCRIPT OF CIVIL CAUSE FOR PRE-MOTION CONFERENCE
13              BEFORE THE HONORABLE KIYO A. MATSUMOTO
                    UNITED STATES DISTRICT JUDGE
14

15                      A P P E A R A N C E S:

16   For the Plaintiff:    FITAPELLI & SCHAFFER, LLP
                              28 Liberty Street, 30th Floor
17                            New York, NY 10005
                           BY: BRIAN SCHAFFER, ESQ.
18                             DANA MARIE CIMERA, ESQ.

19   For the Defendant:    MORGAN, LEWIS & BOCKIUS LLP
                              101 Park Avenue
20                            New York, NY 10178
                           BY: NICOLE M. ZITO, ESQ.
21

22

23   Court Reporter:    SOPHIE NOLAN
                           225 Cadman Plaza East/Brooklyn, NY 11201
                               NolanEDNY@aol.com
24   Proceedings recorded by mechanical stenography, transcript
     produced by Computer-Aided Transcription
25
```

SN          OCR          RPR

1           (Via teleconference.)

2           (The Honorable Kiyo A. Matsumoto, presiding.)

3           THE COURTROOM DEPUTY:  This is a telephone

4  pre-motion conference, docket 21CV6160, *Davis versus Banana*

5  *Republic LLC*.

6           Will counsel on behalf of the plaintiff state your

7  appearance, please.

8           MR. SCHAFFER:  Sure, Brian Schaffer and Dana Cimera

9  from Fitapelli & Schaffer.  Good afternoon, Your Honor.

10          THE COURT:  Who will be speaking on behalf of the

11 plaintiffs today?

12          MR. SCHAFFER:  Mr. Schaeffer.

13          THE COURT:  Please, sir, whenever you speak and I

14 will say the same to defense counsel, please identify yourself

15 by name.  We can not see you, so we need to know who is

16 speaking.

17          THE COURTROOM DEPUTY:  And who is here for the

18 defense, please?

19          MS. VITO:  Good afternoon.  This is Nicole Vito from

20 Morgan Lewis on behalf of the defendant Banana Republic.

21          THE COURT:  You said Nicole --

22          MS. VITO:  Vito, V-I-T-O.

23          THE COURT:  Good afternoon.

24          MS. VITO:  Good afternoon.

25          THE COURT:  So I reviewed the amended complaint

1  which I understand there's some dispute as to whether it was
2  filed properly and I have reviewed the pre-motion conference
3  letters.
4          So let's first address the amended complaint which I
5  understand has been filed, you know, out of time, but even if
6  I did grant the defendant's motion or whether I granted
7  defendant's motion, I think that I would most likely grant
8  leave to the plaintiff to have filed this amended complaint.
9  So can we assume for purposes of today's discussion that we're
10 operating from the amended complaint?
11         MS. VITO:  Yes, we have no objection to operating
12 with respect to the amended complaint.  This is Ms. Vito and
13 we assumed that any motion would be against the amended
14 complaint.
15         THE COURT:  Great.  I appreciate that.  So we will
16 deem the amended complaint filed and it will be the operable
17 complaint for purposes of the defendant's proposed motion.
18         So I appreciate the letters that were provided and
19 the authorities, but I must say that I do not agree
20 respectfully with the defendants that the plaintiff or other
21 members of the putative class do not have standing.  I think
22 that the case law -- you know, this is not a mere statutory
23 violation without standing which is -- without injury, which
24 is what *TransUnion* and that line of cases was addressing.
25         Here we have really a minimal earner who does manual

1  labor who I guess her two-week paycheck attached to the
2  amended complaint indicated she earned for that two-week
3  period $200 and change.  It was very modest and I think
4  multiple cases have held that the late payment is and does
5  state a sizable injury that would be sufficient to give the
6  plaintiff standing.  So I don't think that that is a basis on
7  which the defendant would be successful in moving to dismiss.
8  I just think the case law is really trending the other way and
9  I would look to the many cases where the Courts have found an
10 injury based on a violation of the New York Labor Law Section
11 191, especially if a laborer is deprived, even for a week or
12 two, of the earned wages.
13         The second issue that the defendant wanted to move
14 on was the private right of action argument.  That the
15 plaintiff has no right to a private right of action under New
16 York Labor Law section 191-1-a.  Again, it seems that two
17 appellate courts in New York have held that there is a private
18 right of action for such claims and it appears also that other
19 federal courts have looked to New York State Appellate courts
20 to determine whether there is a private right of action.
21         *Vega*, which is the case that the parties are
22 focusing on here, does state that there is a private right of
23 action and even if the New York Court of Appeals hasn't ruled
24 definitively on the issue, we have the decision which many
25 courts within the Second Circuit have followed.

Telephonic proceedings                                   5

1    So, again, I hate to say this, but and I appreciate
2    the defendant's well-crafted pre-motion conference letter, but
3    I don't believe there is going to be success on this motion.
4    So, I am suggesting instead -- and, in any event, regardless
5    if the defendant proceeds with the motion, that the parties
6    appear before Judge Scanlon and try to resolve this case.
7            Right now it's a class defined as The New York Class
8    and the plaintiff defines them, you know, with some precision.
9    I believe that there are sufficient factual grounds for a Rule
10   23 class action.  I don't know whether the plaintiff would be
11   open to settling this case based on the claims stated for this
12   plaintiff or whether I would think it would be in most -- it
13   would be in the defendant's and the plaintiff's interest to
14   settle, you know, for the entire class and there might have to
15   be some discovery on that point.
16           Which brings me to the third point, the defendants
17   had asked me to stay discovery which I am reluctant to do
18   because I don't think the motion is likely to succeed.  So it
19   doesn't appear to me that the parties have ever appeared for a
20   settlement conference before a magistrate judge and I would
21   urge you to do that before you engage in motion practice and
22   that you try to resolve this.
23           Is that something that the parties would be willing
24   to do?  I was going to refer you to Judge Scanlon for a
25   settlement conference.

1    MR. SCHAFFER:  Thank you, Your Honor, this is
2  Mr. Schaffer for plaintiff.  I can tell you that plaintiff's
3  counsel did reach out to defense counsel, I want to say it
4  could have been the day we filed the complaint.  We know this
5  firm and these attorneys well and we've had cases with them in
6  the past.  Since the day I filed this case I have been
7  suggesting, you know, a private mediation to try and resolve
8  this case.  Defendants did tell me that they were in the
9  process of gathering class-wide data but that their client
10  hadn't made a decision whether they wanted to go forward with
11  the class-wide mediation.
12    It would be our preference to use a private
13  meditator rather than the magistrate judge in this case only
14  because in these cases a mediation could be all day, ten or
15  twelve hours, and we think a private mediation would be better
16  suited for this case.
17    THE COURT:  Well, that's fine.  We do have mediators
18  who are available through the courts.  It's generally in the
19  context of an FLSA claim.  I know this is a state law claim
20  based on diversity and I'm assume, although I should really
21  clarify, from Banana Republic they are an LLC, I don't know
22  who the principals are of the LLC and I know in a class action
23  diversity is somewhat more relaxed, but who are the principals
24  of the LLC?  Do we know their citizenship and who they are?
25    MR. SCHAFFER:  From plaintiffs point of view, I

Telephonic proceedings                                           7

1  think the company is owned by Gap, Inc.
2          THE COURT:  Yes, but that doesn't tell us -- go
3  ahead.
4          MR. SCHAFFER:  I think it's wholly-owned by Gap Inc.
5  is what I believe, but Nicole would have more --
6          MS. VITO:  This is Nicole Vito.  It's a wholly-owned
7  subsidiary of The Gap, Inc. and The Gap is a publicly traded
8  company and I think the case is in federal court on CAFA
9  jurisdiction.
10         THE COURT:  It's an acronym.  And I think that's
11 accurate that you have asserted jurisdiction.  It's the Class
12 Action Fairness Act of 2005, also known as CAFA, 28 United
13 States Code Section 1332(D).
14         So, the parties have no dispute that there is
15 subject matter jurisdiction and we haven't found a reason to
16 find there is none.  So, look, how do the defendant's feel
17 about private versus magistrate judge settlement?  I
18 understand the length of time that will be needed to get this
19 case settled and I respect your choice to engage in private
20 mediation.  It may be more expensive than appearing before a
21 magistrate judge that won't charge you.  I can't speak for
22 Judge Scanlon at this point what her schedule is, but I would
23 want you to try to settle this before engaging in motion
24 practice because, again, with due respect to the defendants, I
25 don't think this is likely to succeed.

1    MS. VITO:  This is Nicole Vito.  The Banana Republic
2  position has been reluctant to engage in class-wide
3  settlements, but I can take back the Court's directive and the
4  Court's guidance with respect to the motion and whether they
5  would be interested in revisiting the idea of mediating.  I
6  think that they would probably prefer private mediation.
7  We've had a number of cases where plaintiffs' counsels have
8  said -- where we've worked together and we've used private
9  mediators to resolve it.  So I will check with them on their
10 position with respect to that, but I echo what plaintiff's
11 counsel says.
12   THE COURT:  All right.  I am not advocating one
13 thing or another.  I am offering free mediation services by
14 our wonderfully effective magistrate judges, but private
15 mediation is fine and I want to be clear that I'm not pushing
16 the parties one way or the other to settle this case on
17 individual or a class-wide basis.  I just think if I were a
18 defense lawyer, I would want class-wide peace, but I don't
19 know what the numbers really are for laborers employed by
20 Banana Republic in New York who were affected by this pay
21 policy which violates New York Labor Law.  I don't know what
22 the numbers are.
23   Do you have an idea, Ms. Vito?
24   MS. VITO:  Over the six-year period in the
25 aggregate?  I don't know sitting here offhand what the scope

1  of the class would be now.
2          THE COURT:  Do you have a ballpark?  Is it in the
3  tens of thousands?  Just an approximation.
4          MS. VITO:  Yes, I think it would depend on who was
5  in the class because manual worker is defined fairly broadly.
6  If it's just sales associates, probably at least 1,000 over a
7  six-year period but that's a ballpark estimate that I wouldn't
8  want to be held to.
9          THE COURT:  Okay.  Well, let me do this, then; I am
10 requesting to refer you for mediation.  I would like you to
11 act promptly to arrange for that and then I would ask you to
12 keep me abreast on how that's progressing.  So, for example if
13 you both feel that you've exhausted your options at settlement
14 before a mediator you could always get back in touch and say
15 maybe we'll try with the magistrate judge or maybe the
16 defendant will have reevaluated its position regarding motion
17 practice.  We will, as I said, deem the operable complaint to
18 be the amended complain and to the extent discovery is needed
19 for, really, to advance litigation and/or to understand the
20 class, I would not issue a stay of discovery.
21         Now, Magistrate Judge Scanlon will be supervising
22 any discovery and if in her discretion she finds there is a
23 reason to stay the case, she can do that, but I don't think as
24 I sit here now and given what I perceive as a motion that's
25 not likely to succeed, it doesn't seem to me to be appropriate

1  to stay discovery at this point.  So if I were to urge you or
2  order that you arrange for the private mediation and hopefully
3  get it completed within two months and report back to me.
4  Could you do that?
5           MR. SCHAFFER:  That works for plaintiff Your Honor,
6  this is Mr. Schaeffer.
7           MS. VITO:  This is Ms. Vito.  That works for the
8  defendants.
9           THE COURT:  So I am going to ask for a status report
10 within two months, 60 days.  Today is April 5th.  So that
11 brings us to June 6th and there will be a joint status report
12 on the outcome of the private mediation, okay?
13          MR. SCHAFFER:  Thank you, Your Honor.
14          MS. VITO:  Thank you.
15          THE COURT:  Thank you very much.  I'm glad you
16 worked together on many cases.  It's always a pleasure when
17 lawyers get along and work together to benefit their clients.
18 Anything further?
19          MR. SCHAFFER:  No, Your Honor.
20          MS. VITO:  Thank you, Your Honor.
21          THE COURT:  We're adjourned.
22
23          (Matter adjourned.)
24                  - ooOoo -
25