UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONELLE HARRIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>OLD NAVY, LLC,<br>    Defendant. | Civil Action No. 1:21-cv-09946-GHW-GWG |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY**

  **WHEREAS**, Plaintiff Jonelle Harris and Defendant Old Navy, LLC ("Old Navy") (collectively the "Parties" and individually a "Party") hereby stipulate and petition the Court to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, proprietary, competitively sensitive information that they may need to disclose in connection with discovery in the above-captioned litigation ("Action");

  **WHEREAS**, the Parties, through counsel, agree to the following terms; and

  **WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored Confidentiality Agreement and Protective Order ("Order") governing the pre-trial phase of this Action.

  **IT IS HEREBY ORDERED**, that any person subject to this Order – including, without limitation, the Parties to this Action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. "Discovery Materials" shall include all documents and information of any kind produced or disclosed in the course of discovery in this Action, including all information, answers to interrogatories; documents or things produced by any Party to any other, whether or not pursuant to a formal request; transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; other pre-trial testimony; reports of examining physicians; answers to requests for admission; documents or things produced by any non-Party to any Party, whether or not pursuant to a subpoena; all other information, documents, or materials produced or made available for inspection; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

2. "Confidential Information" shall include the following:

(a) Any and all documents or information referring or related to nonpublic confidential business or personal information, including confidential and proprietary; business, customer, or client information, including without limitation client information, business plans, product-development information, sales plans, financial plans, or marketing plans; financial records or information of the Parties, including without limitation sales information; human resources information; compensation, sensitive, or other personal information of Old Navy's current or former personnel; policies, procedures, or training materials of Old Navy; or Old Navy's organizational structure;

(b) Documents or information related to any internal investigation, including images, messages, reports, and other documentation;

(c) Any documents or information from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

2

(d) Any documents or information relating to the medical or health information of any current or former Old Navy employee or contractor;

(e) Any documents or information pertaining to third parties not a Party to this Action;

(f) Sensitive documents, photographs, surveillance footage, or images of surveillance footage; and

(g) Any other category of information a Party reasonably and in good-faith believes requires confidential status.

3. "Confidential Discovery Material" shall mean that portion of Discovery Material that contains Confidential Information that has been designated as Confidential pursuant to Paragraph 4 of this Order.

4. Any Party or non-Party may designate any Discovery Material as Confidential Discovery Material in the following manner:

(a) Any Discovery Material may be designated as Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the term "Confidential" on each page of the document that contains Confidential Discovery Material in a manner that will not interfere with the Discovery Material's legibility or audibility; or (ii) if a document produced is not marked "Confidential" but later determined to be "Confidential" notifying the other Party in writing of the "bates" number (if such numbers have been placed on that document, and if not, otherwise identifying the document for the other Party) of each page of the document that contains Confidential Discovery Material.

(b) Depositions or other pre-trial testimony also may be designated as Confidential Discovery Material either by: (i) a statement on the record by counsel at the time of

3

disclosure noting the portion(s) of the transcript counsel is designating as "Confidential" or (ii) notifying counsel for all other parties in writing within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such depositions or other pre-trial testimony noting the portion of the transcript and any exhibits that are to be designated as "Confidential" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or control as such.  Such notice must identify the exact page and line numbers (or, if on the record, the beginning point and end point) of the testimony that is being designated as "Confidential."  Counsel for the deponent or witness may instruct the deponent or witness to provide the testimony containing "Confidential" information only if persons who are not authorized per this Order to receive such information are not present in the room when the witness or deponent provides such testimony.  In addition, counsel for the deponent shall affix the legend "Confidential" to only those pages of the original transcript that contain designated material and to all corresponding pages of all copies of such transcript, or by indicating in written correspondence the specific page and line numbers of the transcript that are being designated as such.  Only those portions of each transcript so designated as "Confidential" in this Action shall be deemed "Confidential" material.  All transcripts of depositions or other pre-trial testimony shall automatically be deemed to be "Confidential" until the end of the thirtieth (30th) day after their receipt by counsel for the deponent or witness, except where a Party intends to make a submission to the Court that includes deposition testimony or exhibits, in which case the Parties will meet and confer regarding what portions of the transcript should be treated as "Confidential" for the purposes of the submission.

    (c)  To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any

4

digital or analog machine-readable device, computer, disc, network or tape) is produced in such form, the producing Party or any other Party may designate such material as Confidential Discovery Material by affixing a label on the media or its casing indicating such designation accompanied by cover letter specifying the exact portions of the electronic or magnetic media that contains Confidential Information.

(d)     Any Discovery Material produced prior to the entry of this Order may be designated as Confidential Discovery Material by providing written notice of same to all Parties within thirty (30) days after entry of this Order or within thirty (30) days after any Discovery Material obtained from third parties has been disclosed and, if requested, produced to opposing counsel, whichever is later.

(e)     If a Party disagrees with any designation of Discovery Materials as Confidential Discovery Material, that disagreement shall be conveyed to the opposing Party within thirty (30) days of the disputed designation.  Upon notice of such dispute, the producing Party shall explain in writing the basis for the designation and shall identify the specific portion of each page of the Discovery Materials that constitutes Confidential Information.  If the Parties cannot reach an agreement on the disputed designation, that dispute shall be resolved in accordance with the procedures set forth in Paragraph 13 of this Order.

5.     Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this Action and any appeals therefrom, and not for any business, commercial, other litigation, arbitration, mediation, or other purpose.  Confidential Discovery Material may not be used to solicit plaintiffs, customers, or clients.

6. Confidential Discovery Material shall be disclosed only to:

(a) the Court and court personnel employed in connection with this Action, including court reporters and videographers;

(b) the Parties to this action and their insurers;

(c) outside and inside counsel who represent the Parties in this Action, and regular and temporary employees of those counsel assisting in the conduct of this Action (such as any paralegal, clerical, or other assistant) for use in accordance with this Order;

(d) outside vendors and service providers (such as copy-service providers and electronic document management providers);

(e) independent consultants or experts (including potential experts) assisting counsel for the Parties in this Action;

(f) any mediator that the Parties engage or that the Court appoints to assist with resolution in this Action;

(g) as to any document, its authors, addressee, recipients, and any other person indicated on the face of the document as having previously received a copy;

(h) actual or potential deponents or witnesses in this Action, and their counsel, during the course of or to the extent necessary in preparation for deposition or trial testimony in this Action, or to the extent necessary to determine whether they are proper deponents or witnesses in this Action.

7. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 6(e), 6(f), 6(g), and 6(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said

counsel shall maintain a written record of each person to whom Confidential Discovery Material was disclosed pursuant to this provision, and evidence that the person agreed in writing, in the format attached hereto as Exhibit A, to be bound by this Order in connection with those materials. The non-disclosing Party shall be entitled to review that record of Confidential Discovery Material disclosures where it has good-cause to believe that information has been disclosed in violation of this Order.

8. Any Party who requests additional limits on disclosure (such as "Attorneys' Eyes Only"), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly after meeting and conferring, counsel for all affected Parties will address their dispute to this Court.

9. No such person shall divulge any Confidential Material, or any data and information obtained, derived, or generated from Confidential Material, to any other person, except as provided herein. Each person who has access to information designated Confidential pursuant to this Order must take all due precautions to prevent the unauthorized disclosure of such material.

10. Any Party filing documents that contain Confidential Discovery Material shall either redact such Confidential Information or shall request that the document, or portions thereof, containing such information be filed and maintained under seal of the Clerk of the United States District Court for the Southern District of New York prior to filing such Discovery Material. The designation of discovery materials as Confidential Discovery Material pursuant to this Order shall not constitute a ruling that those materials actually contain Confidential Information and Parties shall follow the Court's procedures with respect to filing under seal.

11. Nothing in this Order shall prevent, limit, or preclude either Party's use of its own Confidential Discovery Material for any purpose, provided that Party does not have an independent obligation to maintain the confidentiality of such material.

12. If any Confidential Discovery Material or Information, and/or data derived or generated therefrom, is sought through discovery or otherwise from a receiving Party or his/its counsel by any person, in any subsequent judicial or administrative proceeding, the receiving Party agrees that she/it will immediately notify the producing Party so as to permit the producing Party to seek a protective order from the appropriate court. With respect to the notification required by this Paragraph, Plaintiff shall notify Ira G. Rosenstein, Nicole M. Zito, and Elisa C. Egonu of Morgan, Lewis & Bockius LLP in writing and Defendant shall notify Brian Schaffer and Dana Cimera of Fitapelli & Schaffer LLP in writing.

13. If a Party or a non-Party concludes that Discovery Materials or portions thereof designated as Confidential Discovery Material by any other Party or non-Party do not actually include Confidential Information and, therefore, do not warrant the protection claimed for them under this Order, it may so notify all Parties and any concerned non-Party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned Parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fourteen (14) days after service of the notice, then the producing Party shall have fourteen (14) days to move for a Protective Order confirming the designation of those materials as Confidential and/or preventing the disclosure of those materials consistent with the terms of this Order. The designated Discovery Materials shall continue to be treated as Confidential Discovery Material under this Order until the Court rules on the producing Party's motion.

14. By executing this Order, no Party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain discovery materials than those provided in this Order on the grounds that those discovery materials contain especially sensitive information.

15. The provisions of this Order shall not terminate at the conclusion of this Action and will continue to be binding upon all persons to whom Confidential Discovery Material has been produced or disclosed.  The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising herein or to impose sanctions for any contempt thereof.

16. Within sixty (60) days of the final disposition of this Action, including all appeals, all recipients of Confidential must either return or destroy such material, including all copies thereof.  The recipient must certify its return or destruction by submitting a written certification to the producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers exhibits, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material to the extent necessary to comply with any legal obligations.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.   This provision does not bind the Court.

17. If any Party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Material designated as Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other Parties and concerned non-parties, if any, in

9

agreement to afford the Parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

18.     The inadvertent or unintentional production to a receiving Party or to a third-Party by either Party of Confidential Discovery Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Party to which the information was disclosed shall not be held to have violated this Order because it did not treat that information as confidential between the time it was disclosed and the time when the Party that disclosed it notified the other Party of the designation of that information as Confidential Discovery Material.

19.     The Parties may extend any time limits prescribed in this Order by mutual agreement in writing.

20.     Should the Court need to review this Order to resolve any dispute arising therefrom, the Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

**STIPULATED AND AGREED:**

FITAPELLI & SCHAFFER LLP

By: /s/ Brian Schaffer
Brian Schaffer
Dana Cimera
28 Liberty Street
New York, NY 10005
Phone: (212)-300-0375
Email: bschaffer@fslawfirm.com
       dcimera@fslawfirm.com

*Attorneys For Plaintiff*
*Jonelle Harris*

Dated: July 26, 2022

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Nicole Zito
Ira G. Rosenstein
Nicole M. Zito
Elisa C. Egonu
101 Park Avenue
New York, NY 10178-0060
Phone: (212)-309-6000
Email: ira.rosenstein@morganlewis.com
Email: nicole.zito@morganlewis.com
Email: elisa.egonu@morganlewis.com

*Attorneys for Defendant*
*Old Navy, LLC*

Dated: July 27, 2022

The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

**SO ORDERED**:

Date: July 29, 2022

/s/ Gabriel W. Gorenstein
_____
Honorable Gabriel W. Gorenstein
United States Magistrate Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONELLE HARRIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>OLD NAVY, LLC,<br>    Defendant. | Civil Action No. 1:21-cv-09946-GHW-GWG |

**EXHIBIT A – NON-DISCLOSURE AGREEMENT**

  I hereby acknowledge that I have read and understood the Confidentiality Agreement and Protective Order ("Order") in this Action governing the non-disclosure of those portions of Discovery Material that have bene designated as Confidential. I understand the responsibilities and obligations the Order imposes on persons to whom information designated as Confidential is disclosed. I agree that I will not disclose such Confidential Discovery Material to anyone other than for the purposes of this litigation and that at the conclusion of the litigation I will return all Discovery Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Signed:_____

Dated: _____

Title:_____