```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #: _____
-----------------------------------------------------------X  DATE FILED: 2/20/2023
JONELLE HARRIS, individually and on behalf of all  :
others similarly situated,                         :
                                                   :                  1:21-cv-9946-GHW
                                        Plaintiff, :
                                                   :                       ORDER
                -v -                               :
                                                   :
OLD NAVY, LLC.,                                    :
                                                   :
                                       Defendant.  :
---------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On November 15, 2022, the Honorable Gabriel W. Gorenstein issued a Report and Recommendation (the "R&R") recommending that the Court deny Defendant's motion to dismiss the complaint. Dkt. No. 37. The R&R describes in detail the facts and procedural history of this case.

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

Defendant filed timely objections to the R&R (the "Objections").  Dkt. No. 38.  Defendant objected to the R&R's conclusion that Plaintiff could pursue a private right of action under Section 191 of the New York Labor Law (the "NYLL").  Defendant also objected to the R&R's conclusion that Plaintiff has standing to pursue her claims.  Plaintiff filed her operative response to the Objections on December 12, 2022 (the "Response").  Dkt. No. 40.

The Court has reviewed those aspects of the R&R that were not the subject of any objection for clear error and finds none.  *See Braunstein v. Barber*, No. 06-cv-5978, 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record.").

Moreover, the Court has reviewed *de novo* those aspects of the R&R that were the subject of objections.  Having reviewed the record, the parties' submissions in connection with the Defendant's motion to dismiss, the R&R, the Objections and the Response, the Court agrees with the well-reasoned substantive analysis of the R&R and therefore adopts the conclusions of the R&R in its entirety.

Many federal courts have evaluated the fundamental question at issue here.  All have concluded that the New York State Court of Appeals would follow the reasoning of the First Department's decision in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019).  *See, e.g., Rath v. Jo-Ann Stores, LLC*, No. 21-CV-791S, 2022 WL 17324842, at *4 (W.D.N.Y. Nov. 29, 2022) (collecting cases).  The Court would add little to the thoughtful examination of the issue provided by Judge Skretny in *Rath*, or by Judge Gorenstein in the R&R, and the many cases addressing the issue cited by them.  For that reason, the Court does not repeat the valid reasons for concluding that the Court of Appeals would follow the First Department's decision in *Vega*, R&R 18-20, and that an implied private right of action can be properly implied with respect to claims

under Section 191 of the NYLL using the three-factor test articulated by the Court of Appeals in *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353 (2021).  R&R 14-17.

The R&R contains dicta questioning whether *Vega* was rightly decided based on its evaluation of the statutory text.  *See, e.g.*, R&R at 12-13 ("The term "underpayment" in common usage does not easily embrace the notion of a late payment of a properly paid wage.  We thus doubt that a worker who was fully paid her wages, even if late, may later claim to have received an "underpayment" of those wages.").  The Court need not join in that dicta in order to adopt the R&R's recommendation that the motion to dismiss be denied and so it does not do so.  The Court notes that the *Vega* court considered the dictionary definition of the term "underpayment" in its decision and reached a different conclusion.  *Rath*, 2022 WL 17324842, at 3 ("The [*Vega*] court then applied the dictionary meaning of 'underpayment,' that is paying less than what is normal or required, in rejecting defendant's argument excluding instances of underpayment or late payment where the employer eventually pays the outstanding wages.") (internal citations omitted).  And the Court observes that the some of the same considerations that support the conclusion that Plaintiff has standing to bring this case could be viewed as support for the First Department's position that a late payment of wages constitutes an underpayment—the worker is deprived of the time value of her money as a result of the delay.[1]

For the reasons articulated in the R&R, Defendant's motion to dismiss the complaint is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 23.

SO ORDERED.

Dated:  February 20, 2023
New York, New York

GREGORY H. WOODS
United States District Judge

---

[1] The higher the cost of capital, the greater the present value of money.  So delayed payment results in a reduction in effective wages, particularly for people with high borrowing costs.